THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

Case # 1999-DR-23-2327

 
 
 
 John R., Respondent,
 
 
 

v.

 
 
 
 Outi K. R., Appellant.
 
 
 

Case # 2005-DR-23-4336

 
 
 
 John R., Respondent,
 
 
 

v.

 
 
 
 Outi K., Appellant.
 
 
 

Appeal From Greenville County
 Robert N. Jenkins, Sr., Family Court
Judge

Unpublished Opinion No. 2012-UP-239   
 Heard March 12, 2012  Filed April 25,
2012  

AFFIRMED AS MODIFIED

 
 
 
 Outi K. T., pro se, for Appellant.  
 Stephen John Henry, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Outi K. T. (Mother) appeals from the family court's order holding
 her in contempt for willfully violating a prior order by failing to obtain
 employment and file an updated financial declaration.  Among other arguments, Mother asserts the family
 court erred in (1) refusing to admit evidence concerning a medical condition that
 prevented her from complying with the prior order, (2) finding clear and
 convincing evidence established her violation of the prior order was willful,
 and (3) ordering her to pay continuing
 child support, child support arrearages, John R.'s (Father's) attorney's fees,
 and costs related to the hearing.  We affirm as modified pursuant to Rule
 220(b), SCACR, and the following authorities: Simmons v. Simmons, 392 S.C.
 412, 414, 709 S.E.2d 666, 667 (2011) (providing for de novo review of appeals
 from the family court);  Lewis v.
 Lewis, 392 S.C. 381, 392, 709 S.E.2d
 650, 655 (2011) (recognizing the "superior position of the family court
 judge in making credibility determinations" and placing upon the appellant
 the burden of convincing the appellate court that the preponderance of the
 evidence is against the family court's findings).  
We affirm the family court's
 decision but modify the family court's order to extend the time for Mother to
 complete payment of the retroactive child support, attorney's fees, and costs
 ordered by the family court to August 31, 2012.  See Rule 241, SCACR
 (providing family court orders requiring payment of child support, attorney's
 fees, or costs in marital litigation are not automatically stayed upon
 appeal).  
AFFIRMED AS
 MODIFIED.  
FEW, C.J.,
 SHORT, J., and CURETON, A.J., concur.